IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Rufus Julius Cornelius Anderson, | ) | C/A No. 8:15-cv-04916-MGL-JDA |
| *a/k/a* Rufus Julius C. Anderson, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Director of Greenville County Detention | ) | |
| Center; State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment [Doc. 21] and Petitioner's motion for issuance of subpoena [Doc. 43]. Petitioner, proceeding pro se, is serving probation and seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on November 24, 2015.[1] [Doc. 1.] Petitioner filed a supplemental memorandum in support of his Petition on March 2, 2016. [Doc. 16.] On April 8, 2016, Respondent filed a motion for summary judgment and a return and memorandum to the Petition. [Docs. 20, 21.] On the same day, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). At the time he filed the Petition, Petitioner was confined in the Greenville County Detention Center [Docs. 1 at 1; 1-2]; he has since been released from the Greenville County Detention Center [Docs. 12; 29; 41]. Construing the filing date in the light most favorable to Petitioner, this action was filed on November 24, 2015. [Doc. 1 at 15 (Petition, dated November 24, 2015).]

Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 22.] On June 2, 2016, Petitioner filed a response in opposition to the motion for summary judgment. [Doc. 30.] On June 13, 2016, Respondent filed a reply [Doc. 32], and Petitioner filed a sur reply and additional attachments on August 24, 2016, and August 26, 2016 [Docs. 45, 52].

Petitioner filed a motion for issuance of subpoena on August 24, 2016. [Doc. 43.] Respondent filed a response in opposition on September 12, 2016. [Doc. 53.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted, Petitioner's motion for issuance of subpoena be found as moot, and Petitioner's Petition for writ of habeas corpus be denied.

## **BACKGROUND**

Petitioner is presently serving probation pursuant to orders of the Greenville County Clerk of Court. [Doc. 1 at 1.] In March 2013, Petitioner was indicted for one count of failure to return rental property. [Doc. 20-1.] On August 15, 2013, represented by Randall Chambers, Petitioner pled guilty to the charge. [Doc. 20-2.] Petitioner was sentenced to ten years imprisonment suspended upon service of seventy-nine days with probation to be served until restitution is paid.[2] [*Id.* at 13–14.] No direct appeal was filed, and no application for post-conviction relief was filed.

---

[2]The sentencing sheet reflects that probation was ordered for a period of three years pending payment of restitution. [Doc. 20-3.]

2

Petitioner filed this Petition for writ of habeas corpus on November 24, 2015.  [Doc. 1.]  Petitioner raises the following grounds for relief in his Petition pursuant to 28 U.S.C. § 2254[3]:

| | |
|---|---|
| **GROUND ONE:** | Retaliation |
| *Supporting facts*: | Entered statutory Grievance phase on 6/2/2009<br>Filed Charge of Discrimination on 11/30/2009 (EEOC)<br>Filed [Charge of Discrimination] on 3/8/2011<br>During EEOC Investigation Charged on 6/20/2011<br>Filed Charge No. 436-2013<br>00874 on 7·10·2013<br>Convicted on 8·15·2013 |
| **GROUND TWO:** | Coercion, Intimidation |
| *Supporting facts*: | Convicted during EEO Process No. 436-2013-00874<br>Filed July 10, 2013 sentence/convicted 8/22/2013 |
| **GROUND THREE:** | Double Jeopardy |
| *Supporting facts*: | Judge Ruled July 31, 2012 that charge reduced from a criminal matter to civil matter that would incur fees since property was returned to rental agency.  During VOP Hearing Arrested again, held on bench warrant June 2013 until pleading 8/22/2013 |
| **GROUND FOUR:** | Ineffective Assistance of Coun[sel] |
| *Supporting facts*: | Would not discuss any possible defenses.<br>Only would discuss pleading.<br>led petitioner to believe he would rec[ei]ve<br>Ptup if plead and it would only require payment<br>of fine then would be released<br>did not defend enhancement |
| **GROUND FIVE:** | Due process of law/violation |
| *Supporting facts*: | Did not charge separate indictment for enhancement purposes. |

---

[3]Ground Six is not raised in the Petition; however, it is raised in Petitioner's supplemental memorandum in support of his Petition.  [Doc. 16.]

Unlawful enhanced on 8/15/2013

**GROUND SIX:**    Ineffective assistance of counsel

*Supporting facts*:    Counsel failed to inform Petitioner of an appeal

[Docs. 1 at 5–10; 1-1; 16.]  As stated, Respondent filed a motion for summary judgment on April 8, 2016.  [Doc. 21].  Petitioner filed a response in opposition on June 2, 2016.  [Doc. 30.]  Respondent filed a reply on June 13, 2016 [Doc. 32], and Petitioner filed a sur reply and additional attachments on August 24, 2016, and August 26, 2016 [Docs. 45, 52]. Petitioner filed a motion for issuance of subpoena on August 24, 2016 [Doc. 43], and Respondent filed a response in opposition on September 12, 2016 [Doc. 53].  Accordingly, the motions are ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).   Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the petitioner's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411,

417–18 (7th Cir. 1993).   Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).   A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.   When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude

5

granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

> ***Generally***

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,*

134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief

7

to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the

exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[4] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

---

[4]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts

10

have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim.  *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).  When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87.  In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply.  *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing

11

*Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### *Statute of Limitations*

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id.* at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418).

13

Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied.  *Id.* at 650.

## DISCUSSION

Respondent argues the Petition is time barred.  [Doc. 20 at 7–10.]  Upon review, the Court agrees that the Petition is untimely and Petitioner is not entitled to equitable tolling.

**Expiration of Limitations Period**

Petitioner did not file a direct appeal following his sentence entered on August 15, 2013.  Therefore, the state court judgment became final upon the expiration of the ten-day period in which he could have filed a direct appeal, which was August 26, 2013.[5]  *See* Rule 203(b)(2), SCACR.  The statute of limitations for Petitioner's § 2254 Petition began to run on August 26, 2013, *see* 28 U.S.C. § 2244(d)(1)(A) ("the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"), and expired one year later on August 26, 2014.  As a result, the Petition—filed on November 24, 2015, more than one year after the expiration of the limitations period—is time barred.

---

[5]Pursuant to Rule 263(a) of the South Carolina Appellate Court Rules, when calculating time, the last day of the period is to be included "unless it is a Saturday, Sunday or a state or federal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor such holiday."  Because the ten-day period for Petitioner to file a direct appeal expired on Sunday, August 25, 2013, Petitioner had until Monday, August 26, 2013 to timely file his direct appeal.

**Equitable Tolling**

In his Petition, Petitioner asserts that while he was engaged in protected activity, he began to suffer an overwhelming amount of adverse activity from Respondent and local government and due to his job loss and opposition, it became virtually impossible for him to determine the responsible party and file in the proper forum. [Doc. 1 at 14.] In his response in opposition to the motion for summary judgment, Petitioner states that he "intends to show circumstances existed that render such process ineffective that would have protected the rights of the applicant. Further extraordinary circumstances stood in the petitioner[']s way and prevented timely filing." [Doc. 30 at 1.] He also asserts actual innocence. [*Id.* at 2.] In his sur reply, Petitioner seems to assert he was misled by Respondent "until [he] was charged and convicted." [Doc. 45 at 3; *see also id.* at 2 (asserting Petitioner is entitled to tolling because he was misled regarding his injury).] He also contends that he did not discover the injury until after the expiration of the limitations period, that he has shown good faith conduct on his part in pursuit of several legal remedies, and that he has illustrated active misleading by Respondent. [*Id.* at 3.] Finally, he argues that he is actually innocent. [*Id.* at 4.] For the reasons explained below, Petitioner is not entitled to equitable tolling.

As the United States Supreme Court has recognized:

> Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S. Ct. 1386, 1390, 8 L. Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)). . . . Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies

> by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725, 80 L. Ed.2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted). The Fourth Circuit Court of Appeals has underscored the very limited circumstances in cases subject to the AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[6]   The Supreme Court has

suggested that equitable tolling is justified to relieve the operation of a limitations bar due

to egregious unprofessional attorney misconduct, such as abandoning the client; a last

minute change in representation beyond the client's control; failing to conduct essential

services of representation like communicating with the client and performing basic legal

research; and denying the client access to files and misleading the client.  *Holland*, 560

U.S. at 651 (citations omitted).  Further, as previously stated, the Supreme Court has held

that, in addition to demonstrating extraordinary circumstances prevented the petitioner from

timely filing, the petitioner must demonstrate he has been diligently pursuing his rights.  *Id.*

at 649.

       Here, Petitioner has failed to demonstrate that extraordinary circumstances beyond

his control or external to his own conduct prevented him from filing his Petition within the

statute of limitations.  To the extent Petitioner asserts that he was pursuing his rights by

filing Charges of Discrimination with the Equal Employment Opportunity Commission, such

filings have no bearing on this action, which alleges he is being held in custody in violation

---

       [6]Other courts of appeals have similarly expressed that equitable tolling of the
AEDPA statute of limitations is to be employed sparingly.  *See, e.g.*, *Merritt v. Blaine*, 326
F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation,
inadequate research, or other mistakes have not been found to rise to the "extraordinary"
circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d
948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant
equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's
erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the
failure to file [the petitioner's] habeas petition in the district court within the one-year
limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999)
(refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary
mail to send petition from Atlanta to Miami less than a week before it was due); *see also*
*Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety
claims of excusable neglect." (citation omitted)).

of the Constitution, laws, or treaties of the United States. Thus, Petitioner is not entitled to

tolling in this action based on his pursuit of remedies under Title VII and/or the Americans

with Disabilities Act. Moreover, even to the extent Petitioner believed his employment-

related filings were the proper mechanism to challenge his conviction, any ignorance of the

law is insufficient to justify equitable tolling. As the Fourth Circuit Court of Appeals has

held, in the context of equitable tolling of the statute of limitations, "even in the case of an

unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United*

*States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citations omitted); *see also Harris*, 209

F.3d at 330–31 (holding that unfamiliarity with the legal process, lack of representation, or

illiteracy are not grounds for equitable tolling).

      With respect to Petitioner's argument that he is actually innocent, the Court notes

that a habeas corpus petitioner's failure to comply with the statute of limitations may be

excused if he presents newly-discovered, reliable evidence of his actual innocence.

*McQuiggin v. Perkins*, — U.S. —, —, 133 S.Ct. 1924, 1928 (2013). In *McQuiggin*, the

Supreme Court held that

> actual innocence, if proved, serves as a gateway through
> which a petitioner may pass whether the impediment is a
> procedural bar, as it was in *Schlup* [*v. Delo*, 513 U.S. 298
> (1995)] and *House* [*v. Bell*, 547 U.S. 518 (2006)], or, as in this
> case, expiration of the statute of limitations. We caution,
> however, that tenable actual-innocence gateway pleas are
> rare: "[A] petitioner does not meet the threshold requirement
> unless he persuades the district court that, in light of the new
> evidence, no juror, acting reasonably, would have voted to find
> him guilty beyond a reasonable doubt." *Schlup*, 513 U.S., at
> 329, 115 S.Ct. 851; *see House*, 547 U.S., at 538, 126 S.Ct.
> 2064 (emphasizing that the *Schlup* standard is "demanding"
> and seldom met). And in making an assessment of the kind
> *Schlup* envisioned, "the timing of the [petition]" is a factor

18

> bearing on the "reliability of th[e] evidence" purporting to show
> actual innocence.  *Schlup*, 513 U.S., at 332, 115 S.Ct. 851.

*McQuiggin*, 133 S.Ct. at 1928 (some alterations in *McQuiggin*).  The Court explained, "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown."  *Id.*  To establish actual innocence, a petitioner would have to show "factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, the Court must evaluate Petitioner's claim of actual innocence under the standard set forth in *Schlup* coupled with the well-held regard for the finality of guilty pleas. Petitioner's arguments do not satisfy this demanding standard.  Petitioner has failed to set forth any new evidence, and the actual innocence exception does not apply without new evidence of innocence.  *See Schlup*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."); *Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003) (holding that because the Petitioner could provide "no new evidence at all, . . . his assertion of actual innocence fails").  Accordingly, because Petitioner has failed to set forth any new evidence to support his actual innocence claim, Petitioner has failed to establish that he is actually innocent and is not entitled to equitable tolling on such basis.

Petitioner has not provided any grounds for equitably tolling the federal statute of limitations. Therefore, the Court determines the Petition should be dismissed as time barred.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED, Petitioner's motion for issuance of subpoena be FOUND AS MOOT, and the Petition be DENIED.

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

September 21, 2016
Greenville, South Carolina