

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| RUFUS JULIUS CORNELIUS ANDERSON, | § | |
| a/k/a Rufus Julius C. Anderson, | § | |
|     Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:15-4916-MGL |
| | § | |
| DIRECTOR OF GREENVILLE COUNTY | § | |
| DETENTION CENTER and STATE OF | § | |
| SOUTH CAROLINA, | § | |
|     Respondents. | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
HOLDING PETITIONER'S MOTION FOR ISSUANCE OF A SUBPOENA MOOT,
DENYING PETITIONER'S HABEAS PETITION,
DENYING PETITIONER'S MOTION TO AMEND,
AND DENYING ANY REQUEST FOR A CERTIFICATE OF APPEALABILITY

      This case was filed as a 28 U.S.C. § 2254 petition. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court grant Respondent's motion for summary judgment, hold his motion for a subpoena to be moot, and deny his habeas petition. After the Magistrate Judge filed the Report, Petitioner filed a motion to amend, which is also pending before this Court. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

      The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 21, 2016, but Petitioner failed to file any objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72  advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

In lieu of submitting objections to the Report, on October 12, 2016, the Clerk of Court entered Petitioner's motion to amend.  In that motion, Petitioner contends he submitted "[a]mendments . . . to the court . . . which [were] not discussed by the Magistrate Judge."  ECF No. 57-2.  Because the Magistrate Judge allegedly "omitted" any discussion of those amendments in the Report, Petitioner argues he "can not object."  *Id*.

According to Petitioner, in his sur-reply to Respondents' reply to his response to their motion for summary judgment, he "submitted facts that support a Tile VI complaint, in which [Petitioner] was protected exclusively against government action."  *Id*.  Petitioner now refers to his sur-reply as his "amended complaint."  *Id*.  "Further[,]" Petitioner contends, he "submitted facts within [the] amendment supporting . . . [P]etitioner's actual innocence by way of Respondents['] entrapment."  *Id*.  Petitioner's arguments are meritless.

2

Contrary to Petitioner's assertion, the Court's careful review of the Report reveals the Magistrate Judge did in fact consider his sur-reply, even referring to it by name. *See id*. at 2, 4, and 15. Nevertheless, in an abundance of caution, the Court made a de novo review of Petitioner's sur-reply and holds the arguments to be unpersuasive. Simply put, Petitioner's § 2254 petition is time-barred and he has failed to convince the Court he is entitled to equitable tolling. Although many attempt to clear the high hurdle one is faced to be entitled to equitable tolling, most are found wanting. Petitioner falls into that latter category. Consequently, the Court will deny Petitioner's motion to amend.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Respondent's motion for summary judgment is **GRANTED**, Petitioner's motion for a subpoena is held as **MOOT**, and both Petitioner's habeas petition and his motion to amend are **DENIED**.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).

The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing.  Therefore, to the extent Petitioner moves for a certificate of appealability, the motion is **DENIED**.

**IT IS SO ORDERED**.

Signed this 30th day of November, 2016, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.